690 F.2d 334
 AMERICAN RADIO ASSOCIATION, MMP, AFL-CIO and Radio Officers
Union, NMEBA, AFL-CIO, Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents,
American Institute of Merchant Shipping, Intervenor.
 No. 175, Docket 82-4045.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 6, 1982.
Decided Oct. 8, 1982.
 
 Michael H. Rosenbloom, Washington, D. C. (Arthur Scheiner, John H. Vetne, Wilner & Scheiner, Washington, D. C., Irving Brownstein, Fagelson, Schonberger, Payne & Arthur, Alexandria, Va., on the brief), for petitioner.
 Michael Deuel Sullivan, F. C. C., Washington, D. C. (Stephen A. Sharp, Gen. Counsel, Daniel M. Armstrong, Associate Gen. Counsel, William B. Baxter, Asst. Atty. Gen., Barry Grossman, George Edelstein, U. S. Dept. of Justice, Washington, D. C., on the brief), for respondents.
 Charles M. Meehan, Washington, D. C. (Deborah Shur Trinker, Lee M. Weiner, Keller & Heckman, Washington, D. C., on the brief), for intervenors.
 Before NEWMAN, KEARSE, and PRATT, Circuit Judges.
 PER CURIAM:
 
 
 1
 The American Radio Association and the Radio Officers Union petition for review of a Report and Order adopted by the Federal Communications Commission on February 11, 1982, providing a general exemption from the radiotelegraph requirements of amended section 351(a)(1)(A) of the Communications Act of 1934, 47 U.S.C. § 351(a)(1)(A) (1976), to cargo ships of over 1600 tons that engage in coastal voyages within 150 miles of the forty-eight contiguous states and that meet specific alternative communications and operational criteria.[1] See P.R. Docket No. 79-336 (Feb. 11, 1982). 47 Fed.Reg. 10,22 0 (Mar. 10, 1982) (amending 47 C.F.R. § 83.480). Petitioners claim that the Federal Communications Commission lacked statutory authority to grant such a broad exemption to section 351(a)(1)(A), that the Commission acted irrationally in concluding that the alternative communications equipment would be as effective as radiotelegraphic equipment, that the Commission failed to comply with the notification requirements of the Administrative Procedure Act, 5 U.S.C. § 553(b)(3) (1976), and that the Commission violated the National Environmental Policy Act by not filing an Environmental Impact Statement on the proposed exemption. Because we conclude that the Commission acted within its statutory authority in enacting the exemption to section 351(a)(1)(A) and proceeded in accordance with relevant procedural guidelines, we affirm the Commission's decision.
 
 
 2
 Under 47 U.S.C. § 352(b), (b)(2), "the Commission may, if it considers that the route or the conditions of the voyage or other circumstances are such as to render a radio station unreasonable or unnecessary for the purpose of this part, exempt from the provisions of this part ... Cargo ships which in the course of their voyage do not go more than one hundred and fifty nautical miles from the nearest land." Petitioners argue that the Commission's decision exceeds this exemption authority because the telegraph requirements exempted by the Commission's decision are necessary for purposes of the Communications Act: namely for the maintenance of a uniform maritime distress and safety communications system and for conformity with the International Convention for the Safety of Life at Sea (SOLAS), to which the United States is a party. However, the Commission adopted the exemption to section 351(a)(1)(A)'s telegraph requirements only after it had determined that the alternative requirements "provide equivalent or better communications for safety and distress." Although the Commission may have been reluctant in the past to grant general exemptions to the requirements of section 351(a)(1)(A), it is not precluded from exercising its exemption authority when it concludes, as it has done in this case, that technological developments have made general exemptions feasible.
 
 
 3
 The Commission's action does not conflict with SOLAS. The SOLAS Conventions deal exclusively with ships on international voyages. See, e.g., International Convention for SOLAS, Nov. 1, 1974, ch. I, reg. 1(a), T.I.A.S. 9700 (1974). While Congress has clearly attempted to adopt coastal communications requirements that track the SOLAS international system, it has also emphasized the broad nature of the Commission's authority to exempt certain classes of ships from the legislated guidelines, see H.Rep.No.686, 75th Cong., 1st Sess. 4-5 (1937), and refused the Commission's own request to limit such authority. See S.Rep.No.1583, 83d Cong., 2d Sess. 8-9, 13 (1954). In this case, the Commission was clearly acting within that authority.
 
 
 4
 Petitioners also complain that the Commission acted irrationally or arbitrarily in adopting the section 351(a)(1)(A) exemption, particularly in concluding that the alternative communications system will be as effective as the single radiotelegraph system has been in the past. This complaint merely repeats criticisms that petitioners made to the Federal Communications Commission when the regulations were under consideration. The Commission had ample opportunity to review the petitioners' criticisms, and there was substantial evidence in the record to support the Commission's decision to reject those criticisms. In particular, the Commission was justified in relying on the fact that the Navy's elimination of radiotelegraph equipment has had no effect on the safety of ocean-going vessels. Moreover, there is evidence in the record that the federal agency most intimately involved in maritime safety, the United States Coast Guard, agreed with the Commission that the alternative systems "would be an adequate substitute for the mandated radiotelegraph system." Letter from M. E. Gilbert, U. S. Coast Guard, to James C. McKinney (Oct. 1, 1981). With this evidentiary support, the Commission's decision was neither arbitrary nor irrational. See United States v. Midwest Video Corp., 406 U.S. 649, 673-74, 92 S.Ct. 1860, 1873-1874, 32 L.Ed.2d 390 (1972); Radio Relay Corp. v. FCC, 409 F.2d 322, 327 (2d Cir. 1969).
 
 
 5
 Finally, as to petitioners' procedural grounds of appeal based on the Administrative Procedure Act and the National Environmental Policy Act, we affirm the Commission's action for the reasons stated in its own Report and Order, supra, at PP 27, 40 & n.22.
 
 
 6
 Accordingly, the petition for review is denied.
 
 
 
 [1]
 To qualify for the exemption, vessels must have: a satellite terminal providing both voice and telex communication, a single sideband radiotelephone with voice channels capable of operating on any distress and safety channel in the marine bands, a narrow-band direct-printing radiotelegraph with SITOR, the required 2182 kHz radiotelephone distress frequency watch receiver with a radiotelephone alarm signal generator, at least two VHF transceivers, provision for emergency and reserve power sources for the above-mentioned equipment, a 500 kHz auto alarm receiver and the capability of relaying the distress messages received to shore via one of the systems listed above, participation in the AMVER system, and the capability to operate and maintain all of the ship's system used for distress and safety in accordance with relevant FCC rules and regulations. See 47 C.F.R. § 83.480 (forthcoming)